IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DARRELL E. JOHNSON, JR. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO. _____ |
| v. | : | |
| | : | |
| CHAPMAN'S GARAGE, LLC | : | |
| AND JAMES CHAPMAN, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**COMPLAINT FOR UNPAID OVERTIME WAGES,
LIQUIDATED DAMAGES, UNJUST ENRICHMENT AND REASONABLE
ATTORNEY'S FEES AND EXPENSES OF LITIGATION**

COMES NOW PLAINTIFF DARRELL E. JOHNSON, JR. and asserts his claims against Defendants CHAPMAN'S GARAGE, LLC and JAMES CHAPMAN (collectively "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

**JURISDICTION AND VENUE**

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), and 28 U.S.C. § 1367.

2.

Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district as the Defendants reside herein, and the events or omissions giving rise to the claims described herein occurred in this judicial district.

**PARTIES**

3.

Plaintiff Darrell E. Johnson, Jr. ("Mr. Johnson") is an individual who was employed by Defendants as a service technician. At all material times, Mr. Johnson was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1). During his employment, Defendants failed to pay Mr. Johnson a premium of at least one and one half times his regular rate of pay for each hour he worked above 40 in a given workweek.

4.

Defendant Chapman's Garage, LLC is a domestic limited liability company subject to the jurisdiction of this Court. At all relevant times, Defendant Chapman's Garage, LLC has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant Chapman's Garage, LLC may be served with process upon its Registered Agent, James Chapman, 1257 Henrico Road, Conley, Georgia 30288, or wherever he may be found.

5.

Defendant JAMES CHAPMAN is an individual subject to the jurisdiction of this Court.  At all relevant times, Defendant Chapman was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).  At all relevant times, Mr. Chapman directly supervised Mr. Johnson and was involved in the day-to-day operation of Chapman's Garage, LLC.  Mr. Chapman may be served with process at 1257 Henrico Road, Conley, Georgia 30288, or wherever he may be found.

6.

At all material times during his employment, Mr. Johnson was engaged in commerce as Defendants' employee in that he handled goods, equipment and supplies which were used and transported in interstate commerce.

7.

At all material times during Plaintiff's employment, Defendants were an enterprise engaged in engaged in commerce or in the production of goods for commerce, having handled automotive goods, equipment and supplies which were used and transported in interstate commerce.

8.

At all material times during since 2017, Defendants had two more employees engaged in commerce.

9.

Since 2017, Defendants had two or more employees handling, selling or otherwise working on goods, automotive/trucking equipment or related materials that have been moved and produced for commerce by any person.

10.

During each year since 2017, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. §203(s)(1).

11.

At all times material hereto, Mr. Johnson was not exempt from the overtime pay requirements of the FLSA.

## **FACTS**

12.

Mr. Johnson was formerly employed by Defendants as a diesel truck service technician.

13.

As an employee of Defendants, Mr. Johnson reported to and was directly supervised and paid by Defendant Chapman.

14.

As an employee of Defendants, Mr. Johnson frequently worked in excess of 40 hours per workweek, and Defendants paid him weekly for his services.

15.

Defendants claim to have paid Mr. Johnson thirty (30%) percent of each service hour he work and/or billed to Defendants' customers.

16.

Defendants did not pay Mr. Johnson at least one and one-half times his regular rate of pay for each hour worked over 40 hours during any given workweek.

17.

Defendants failed to properly compensate Mr. Johnson for all overtime hours worked at a rate of one and one-half times his regular rate of pay.

18.

While Mr. Johnson was employed by Defendants, Defendants regularly withheld certain amounts from Mr. Johnson's weekly wages for the purchase and use of certain power tools to service and maintain its customers' trucks.

## COUNT I

## VIOLATION OF SECTION 207 OF THE FLSA
## (UNPAID OVERTIME WAGES)

19.

Plaintiff restates the allegations contained in Paragraphs 1-18 of his Complaint as is fully set forth.

20.

At all material times, Mr. Johnson was a non-exempt employee of Defendants.

21.

Mr. Johnson regularly worked in excess of 40 hours per workweek for Defendants, but Defendants failed to properly compensate him at a rate of at least one and one half times his regular rate of pay for each hour worked in excess of 40 hours in every workweek.

22.

Defendants knew or should have known that the FLSA applied to Mr. Johnson, and that they had a duty to ensure they paid Mr. Johnson at least one and one-half times his regular rate of pay for each hour he worked over 40 in a given workweek.

23.

Defendants willfully failed to properly compensate Mr. Johnson for the hours he worked in excess of 40 hours each workweek.

24.

As a result of Defendants' willful failure to pay Mr. Johnson any overtime wages, Mr. Johnson is entitled to an award of back pay in the amount of one and one half times his regular rate of pay for each uncompensated hour he worked over 40 in any given workweek for which Defendants did not compensate him at the statutory rate.

25.

Said willful violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT II

## UNJUST ENRICHMENT/IMPROPER DEDUCTIONS FROM WAGES

26.

Plaintiff restates the allegations contained in Paragraphs 1-25 of his Complaint as is fully set forth.

27.

During his employment with Defendants, Defendants charged and withheld from Plaintiff's weekly wages certain amounts to cover the cost of purchased tools and related items Plaintiff used to perform his duties for Defendants.

28.

Defendants have been unjustly enriched by improperly charging or otherwise withholding from Plaintiff's wages more than the price of the tools and related items he used to perform work for Defendants.

29.

Plaintiff has been harmed in an amount to be specifically proven at trial.

**WHEREFORE**, Plaintiff requests:

(a)   that his Complaint be read and considered;

(b)   that service of process issue against Defendants as authorized by law;

(c)   that the Court declare that Defendants have violated Plaintiff's rights under the overtime wage provisions of the FLSA;

(d)   that the Court award Plaintiff the value of his unpaid overtime wages;

(e)   that the Court award Plaintiff liquidated damages as authorized by the FLSA;

(f)   that the Court award Plaintiff compensatory damages in the amount by which Defendants were unjustly enriched at Plaintiff's expense;

(g) that the Court award Plaintiff his expenses of litigation, including his reasonably-incurred attorney's fees as authorized by the FLSA; and

(h) that the Court award such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170
Attorney for Plaintiff

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
d.fuchs@swtwlaw.com